UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| GALAZ, Alfredo Carlos Paul and | ) | Case No. 19-11098-R |
| GALAZ, Lois May, | ) | Chapter 7 |
| | ) | |
| Debtors. | ) | |
| | | |
| STEVEN W. SOULE, Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. No. 21-1016-R |
| | ) | |
| RAUL GALAZ, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING MOTION TO DISMISS**

Before the Court is the Motion to Dismiss with Supporting Brief (Adv. Doc. 6) ("Motion") filed by Defendant Raul Galaz; Trustee's Response in Opposition to Defendant's Motion to Dismiss (Adv. Doc. 7) ("Response") filed by Plaintiff Steven W. Soule, Trustee; and Defendant's Reply in Support of Motion to Dismiss (Adv. Doc. 8) ("Reply").

**I.     Jurisdiction**

The Court has jurisdiction of this proceeding pursuant to 28 U.S.C. §§ 1334, 157(a), 157(b)(1), and 157(b)(2)(E) and (H), and Local Civil Rule 84.1(a) of the United States District Court for the Northern District of Oklahoma.

**II.    Motion to Dismiss Standard**

The Motion seeks dismissal of this adversary proceeding under Rule 12(b)(6) of the Federal Rules of Civil Procedure (made applicable to adversary proceedings by Bankruptcy

Rule 7012(b)). Rule 12(b)(6) permits dismissal of a complaint at the pleading stage if it fails "to state a claim upon which relief can be granted."[1]

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure (made applicable to adversary proceedings by Bankruptcy Rule 7008), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[2] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[3] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[4] The Court must "accept as true all well-pleaded factual allegations in the complaint and view them in the light most favorable to the plaintiff," and all reasonable inferences from the facts must be drawn in favor of the plaintiff.[5]

## III. Discussion

On May 27, 2021, Steven W. Soule, Chapter 7 Trustee ("Trustee") for the bankruptcy estate of Alfredo Carlos Paul Galaz (sometimes referred to as "Alfredo") and Lois May Galaz (collectively, "Debtors") filed the Adversary Complaint ("Complaint") (Adv. Doc. 1) against Defendant Raul Galaz ("Raul") seeking to avoid and recover,

---

[1] Fed. R. Civ. P. 12(b)(6).

[2] Fed. R. Civ. P. 8(a)(2).

[3] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

[4] Id.

[5] Burnett v. Mortg. Elec. Registration Sys., Inc., 706 F.3d 1231, 1235-36 (10th Cir. 2013).

pursuant to the Oklahoma Uniform Fraudulent Transfer Act ("OUFTA") (specifically §§ 116, 119 and 120 of title 24 of the Oklahoma Statutes) and §§ 544(b) and 550 of the Bankruptcy Code,[6] an alleged fraudulent transfer made by Debtors to Raul. In the alternative, Trustee seeks turnover under § 542 of an alleged matured and payable on demand loan that is property of the estate.

A. <u>Contentions of the parties</u>

Raul contends that Trustee's claims are barred by the relevant statutes of limitations, and that extinguishment of the claims is apparent on the face of the Complaint. Thus, Raul argues, this adversary proceeding should not proceed because no relief may be granted to Trustee.

Trustee contends that he has stated sufficient facts concerning Debtors' failure or refusal to provide Trustee with information about the alleged transfer or loan to raise an inference of concealment of the transaction. Trustee states that he was not advised of a financial document evidencing the Transfer until shortly before he filed the Complaint. Thus, Trustee argues, the statute of limitations clock did not begin ticking until Trustee discovered, or could have with reasonable diligence discovered, the transaction, and therefore the deadline for asserting such claims had not yet expired when he filed the Complaint.

---

[6] Unless otherwise specified, all references to "Section" or "§" herein are to sections of Title 11, United States Code.

B.    The Complaint and other material before the Court

As required under Rule 12(b)(6), the Court accepts all well-pleaded allegations as true and draws all reasonable inferences in favor of Trustee. In addition, to provide context for Trustee's discovery rule and tolling arguments, the Court takes judicial notice of prior statements made by Debtors and by Trustee in documents filed in Debtors' bankruptcy case,[7] and as well as judicial notice of events memorialized on the bankruptcy docket.[8] Accordingly, the following facts, events, and inferences have been considered in determining whether Trustee plausibly states a redressable claim.

On May 28, 2019, Debtors filed for relief under Chapter 7 of the Bankruptcy Code and Trustee was appointed to administer Debtors' bankruptcy estate.[9] More than four years earlier, in March of 2015, Debtors transferred $150,000 to Raul ("Transfer") and did not receive any consideration in exchange for the Transfer.[10] Raul is the son of one of the Debtors, and thus is an "insider" of Debtors as that term is used in the Bankruptcy Code.[11]

---

[7] Case No. 19-11098-R ("Main Case").

[8] In considering Rule 12(b)(6) motions, courts may consider not only the four corners of the complaint, but also "documents incorporated into the complaint by reference[] and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007). See also 5B Charles A. Wright et al., FEDERAL PRACTICE & PROCEDURE (CIVIL) § 1357 at n.1 (3d ed.).

[9] Complaint ¶ 1.

[10] Id. ¶ 7. The allegations in paragraph 7 are made "[u]pon information and belief." Where a plaintiff does not have direct knowledge of a particular fact, and especially when such knowledge is held exclusively by the defendant, the plaintiff may plead such fact upon information and belief. See 5 Charles A. Wright et al., FEDERAL PRACTICE & PROCEDURE (CIVIL) § 1224 (3d ed.), and cases cited therein. The Court may take such allegations as true for the purpose of evaluating a motion to dismiss under Rule 12(b)(6). Id.

[11] Complaint ¶¶ 5, 6.

4

The Transfer was "identified as a personal loan" and Debtors have not received any payments on the loan.[12] Debtors did not disclose the Transfer in their original or amended Statement of Financial Affairs ("SOFA").[13] Nor did Debtors disclose an unpaid loan or receivable as an asset in their original or amended Schedules.[14]

The bankruptcy was administered as a no-asset case. On June 27, 2019, Trustee filed a Report of No Distribution, stating that he made "a diligent inquiry into the financial affairs of the [Debtors] and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law."[15] Debtors obtained a Chapter 7 discharge of their unsecured debts.[16] Their bankruptcy case was closed on September 19, 2019.[17]

Six months later, on March 23, 2020, the United States Trustee filed a motion to reopen Debtors' bankruptcy case so a trustee could investigate possible unreported assets.[18] The motion was granted and Trustee was reappointed as Chapter 7 Trustee.[19] On March

---

[12] Id. ¶ 7.

[13] Id.

[14] Id. ¶ 21. See Main Case Docs. 1 and 29, specifically Part 4 of Schedule A/B at ¶ 30 ("unpaid loans you made to someone else);" ¶ 33 ("claims against third parties, whether or not you have filed a lawsuit or made a demand for payment"); ¶ 35 ("any financial assets you did not already list").

[15] Chapter 7 Trustee's Report of No Distribution (Main Case Doc. 10) (The report was withdrawn by Trustee on April 3, 2020).

[16] Main Case Doc. 12.

[17] Main Case Doc. 14.

[18] Main Case Doc. 15.

[19] Main Case Docs. 17, 18.

5

31, 2020, Trustee filed a Report of Asset Case and Interim Report, wherein he identified an interest in copyright royalties as an unscheduled asset that he intended to administer.[20]

The Court notes that in their original SOFA, Debtors disclosed a prepetition transfer to Alfredo's ex-wife, Ruth Galaz, of an "inactive" business, Worldwide Subsidy, that "[c]ollected royalties from TV programs and copyrights."[21] Debtors also disclosed, in the section of the SOFA that calls for a list of current and former businesses, Segundo Suenos LLC, a "[r]oyalty holding/collecting company[,] [i]nactive since 2010, *closed in 2018*."[22]

After the bankruptcy case was reopened, Debtors filed amended Schedules and an amended SOFA.[23] For the first time, Debtors disclosed Segundo Suenos, LLC as an asset on Schedule B, and reported that the LLC possessed an uncollected judgment.[24] Debtors also amended their SOFA to disclose that Segundo Suenos, LLC was a "[c]ontinuing, but inactive" business that was the "[o]wner of music royalties."[25] In addition, Debtors disclosed, for the first time, that within the two years prior to their bankruptcy, they had transferred interests in three businesses to a grandson, Ryan Galaz, and represented that the fair market value of such businesses was "$0.00 as of date of transfer."[26]

---

[20] Main Case Doc. 21.

[21] Main Case Doc. 1 at Page 35 of 49. The SOFA reflects that no consideration was given to Debtors in exchange for the transfer to Ruth Galaz.

[22] Main Case Doc. 1 at Page 37 of 49 (emphasis added).

[23] Main Case Doc. 29. The amended documents were filed on April 17, 2020.

[24] Id. at Page 13 of 30.

[25] Id. at Page 28 of 30.

[26] Id. at Page 26 of 30.

At some point after the case was reopened, Trustee was "advised of a financial document evidencing the Transfer" of $150,000 to Raul.[27] After learning of the Transfer, Trustee communicated with counsel for Debtors and Raul in an effort to recover the funds for the benefit of the estate.[28] Debtors and Raul denied the existence of the Transfer.[29] Trustee also became aware that Alfredo had previously acted as a "straw man" for Raul. Specifically, Segundo Suenos, LLC, an entity owned by Alfredo, was the recipient of a fraudulent transfer made by Raul, as found by a judge overseeing the bankruptcy case of Raul's ex-wife (Lisa Galaz).[30]

The Transfer was not disclosed on Debtors' original or amended Schedules or SOFA. No transactions between Debtors and Raul appear in either sets of documents.

C. <u>Plausible claims</u>

On May 27, 2021, Trustee filed the Complaint to recover the Transfer for the benefit of the estate. Under § 544(b)(1), Trustee may "avoid any transfer of an interest of the debtor in property . . . that is voidable under applicable law by a creditor holding an [allowable] unsecured claim."[31] Trustee pled his claim under § 116(A)(1) of OUFTA, which provides, in relevant part—

> A transfer made . . . by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made . . . if the debtor

---

[27] Complaint ¶ 21. Trustee states that he did not learn of the Transfer until "late March, 2021." Response at 3, ¶ 4.

[28] Complaint ¶ 8.

[29] <u>Id</u>.

[30] <u>Id</u>. ¶ 11, referring to <u>Galaz v. Galaz (In re Galaz)</u>, 2010 WL 4702446 (Bankr. W.D. Tex. Nov. 12, 2010).

[31] 11 U.S.C. § 544(b)(1).

made the transfer . . . with actual intent to hinder, delay, or defraud any creditor of the debtor.[32]

First, the Court finds that Trustee has satisfied his burden under Rule 9(b) of the Federal Rules of Civil Procedure to plead the fraudulent transfer claim with particularity. Rule 9(b), states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."[33]

Trustee clearly defined the allegedly fraudulent transaction as a transfer of money – $150,000 – from Debtors to Raul in March of 2015 without an exchange of consideration. Trustee has pled intent generally and also provided some factual basis to allow an inference that Debtors transferred money to Raul with an intent to hinder, delay or defraud creditors. Trustee points out that another bankruptcy judge has found that Alfredo and Raul participated in a scheme to hinder creditors in the past. In addition, Debtors have made transfers to other family members without consideration (as shown in their Schedules), and have been inconsistent in disclosing those transfers. Pleading badges or circumstantial evidence of fraud, such as transfers to insiders for no consideration and lack of disclosure (or concealment), is sufficiently particular for the purposes of Rule 9(b).

Raul contends that Trustee fails to identify any actual creditor that could avoid the Transfer under OUFTA. For the purposes of the Motion, the Court takes judicial notice that Debtors listed five non-priority unsecured creditors in their Schedules, and each of

---

[32] 24 O.S. § 116(A)(1).

[33] Fed. R. Civ. P. 9(b) (made applicable herein by Bankruptcy Rule 7009).

those creditors has filed a proof of claim in the reopened bankruptcy case. The Schedules and proofs of claim indicate that Debtors owed money to these creditors during the relevant time period. The Court finds that Trustee has stated a plausible claim under § 544(b) and OUFTA § 116 for avoidance of the Transfer, and under § 550 for recovery of the Transfer.[34]

The Court further finds it plausible that the Transfer might have been a loan from Debtors to Raul that is an asset of the estate, and that the loan has matured and is payable on demand.[35] Thus, Trustee has also sufficiently stated a claim under § 542(b).[36]

The question now is whether Raul is correct in his assertion that the Complaint itself contains a complete defense to the claims. Generally, it is not proper to dismiss claims based upon an affirmative defense asserted by a defendant in a Rule 12(b)(6) motion. "Only when the plaintiff pleads itself out of court—that is, admits all the ingredients of an impenetrable defense – may a complaint that otherwise states a claim be dismissed under Rule 12(b)(6)."[37] Thus, if it is irrefutably obvious from a complaint that claims are forever

---

[34] Section 550 provides, in relevant part, "to the extent that a transfer is avoided under section 544 . . . the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from [] the initial transferee of such transfer or the entity for whose benefit such transfer was made." 11 U.S.C. § 550(a).

[35] Plaintiffs' "pleading burden should be commensurate with the amount of information available to them. [citations omitted.] We cannot expect, nor does Federal Rule of Civil Procedure 8 require, a plaintiff to plead information she could not access without discovery." Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago, 786 F.3d 510, 528-29 (7th Cir. 2015).

[36] Section 542(b) provides, in relevant part, that "an entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee[.]" 11 U.S.C. § 542(b).

[37] Fernandez v. Clean House, LLC, 883 F.3d 1296, 1299 (10th Cir. 2018), quoting Xechem, Inc. v. Bristol-Myers Squibb Co., 372 F.3d 899, 901 (7th Cir. 2004).

9

barred or extinguished, those claims may be dismissed at the pleading stage.[38] If the plaintiff has pled a factual basis for tolling, however, dismissal may be premature.[39]

### D. Statute of limitations under OUFTA

The relevant statute of limitations for a claim under OUFTA § 116(A)(1) is set forth in OUFTA § 121(1), which provides that "[a] cause of action with respect to a fraudulent transfer . . . is extinguished unless action is brought . . . within four (4) years after the transfer was made . . . or, *if later, within one (1) year after the transfer . . . was or could reasonably have been discovered by the claimant.*"[40] Raul argues that because Trustee alleges the Transfer was made in March 2015, the four-year limitations period expired prior to Debtors' bankruptcy, the claim was extinguished, and Trustee cannot revive an extinguished claim. "[I]f the creditor . . . is barred from recovery because of the running of a statute of limitations prior to the commencement of the case, the trustee is likewise rendered impotent."[41]

In cases of fraud, though, limitations periods are measured from the time that the plaintiff discovers, or by using reasonable diligence should have discovered, the facts underlying the fraud.[42] OUFTA § 121 contains its own "discovery rule" for intentional

---

[38] 5B Charles A. Wright et al., FEDERAL PRACTICE & PROCEDURE (CIVIL) § 1357 (3d ed.); Aldrich v. McCulloch Properties, Inc., 627 F.2d 1036, 1041 n.4 (10th Cir. 1980).

[39] Aldrich, 627 F.2d at 1041-42.

[40] 24 O.S. § 121(1) (emphasis added).

[41] Wagner v. Ultima Homes, Inc. (In re Vaughan Co.), 498 B.R. 297, 302 (Bankr. D. N.M. 2013) (internal quotes and citations omitted).

[42] See, e.g., CounselNow, LLC v. Deluxe Small Business Sales Inc., 430 F.Supp.3d 1247, 1258 (D. Utah 2019).

fraudulent transfers. If a defrauded creditor does not discover the transfer within the four-year period, the limitations period begins on the date the transfer is discovered (or should have been discovered) and expires one year later.

The Complaint does not indisputably establish that Trustee's cause of action was extinguished prepetition under the four-year limitations period. Unlike secured creditors, lien creditors, and judgment creditors, a prepetition unsecured creditor generally does not have the duty, motivation, or ability to investigate whether a debtor is transferring property to a family member or affiliate. Accordingly, the Court cannot assume that any prepetition unsecured creditor knew or should have known of the Transfer within the four-year limitations period. After the four-year period expired, OUFTA's discovery rule tolled the limitation period through the petition date and beyond.

When Debtors filed their bankruptcy petition, Trustee stepped into the shoes of an unsecured creditor holding an allowed claim against the estate and became the party whose discovery of the Transfer would trigger the one-year limitations period. In the Complaint, Trustee alleges that he did not become aware of the Transfer until "recently," and clarifies in his Response that he was informed of the "personal loan" to Raul in March 2021. Trustee filed the Complaint in May 2021, within one year of the alleged discovery.

Raul claims that Trustee should have discovered the Transfer shortly after the commencement of Debtors' bankruptcy case in May 2019 by examining Debtors or otherwise diligently investigating the extent of the estate.[43] "As a general matter, the

---

[43] Raul contends that Trustee was required to plead a factual basis for tolling in the Complaint. Trustee did so. He alleged, reasonably, that he could not have discovered the Transfer prior to being appointed Trustee, and that Debtors did not disclose the Transfer

11

determination of when a party should have known the facts forming the basis of a fraud claim is a question of fact" and "at what point a party should have reasonably discovered its claim is a fact-intensive inquiry that precludes dismissal in all but the clearest of cases."[44]

The Complaint does not establish that the one-year period after discovery of (or ability to discover) the Transfer has expired. Moreover, it is not evident from the Complaint when a creditor or Trustee could or should have discovered the Transfer. Thus, the Court cannot dismiss the claim as time-barred under OUFTA § 121(1).

E. Statute of limitations under § 546[45]

Trustee's avoidance powers are also limited by the Bankruptcy Code. Section 546(a) states:

> **(a)** An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of--

---

on their Schedules or SOFA. A reasonable inference may be made that Trustee had no reason to ask Debtors about the Transfer until he was advised of the "loan" in 2021. At the pleading stage, these allegations are sufficient to survive dismissal.

[44] CounselNow, LLC, 430 F.Supp.3d at 1258 (quotations and citations omitted). See also Arnold v. First Citizens Nat'l Bank (In re Cornerstone Homes, Inc.), 567 B.R. 37, 53-54 (Bankr. W.D.N.Y. 2017) (motion to dismiss state law fraudulent transfer claim on basis that statute of limitations ran prepetition was denied because trustee alleged that the fraudulent scheme was not reasonably discoverable by a creditor before the petition date; date of reasonable discovery was question for trier of fact).

[45] In the Complaint, Trustee alleges that § 108(a) of the Bankruptcy Code extended the time in which he could bring an action under OUFTA. However, § 108(a) only extends the time for a trustee to assert claims that *the debtor* possessed prepetition. Because Debtors did not have standing to avoid their own transfer, § 108(a) does not apply to Trustee's § 544(b) claim. Under § 544(b), Trustee is asserting a claim that a prepetition unsecured creditor could have brought, and § 546 specifically addresses when § 544(b) actions become time-barred. See, e.g., Mancuso v. Continental Bank N.A. (In re Topcor, Inc.), 132 B.R. 119, 125-26 (Bankr. N.D. Tex. 1991).

12

> **(1)** the later of--
>
>> **(A)** 2 years after the entry of the order for relief; or
>>
>> **(B)** 1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A); or
>
> **(2)** the time the case is closed or dismissed.[46]

Under a plain reading of the statute, it would seem that Trustee's power to commence an avoidance action under § 544(b) was terminated upon the closing of Debtors' bankruptcy case on September 19, 2019. When a case must be reopened to allow a trustee to administer *undisclosed* avoidable transfers, however, courts have read the word "closed" in § 546(a)(2) to mean a case that was "properly and finally closed" under § 350(a)[47] – that is, closed "after an estate is fully administered."[48] This Court agrees. Because the closing of Debtors' bankruptcy case was based on the faulty assumption that the estate was fully administered, § 546(a)(2) does not bar Trustee from pursuing this later-discovered avoidance action.

Moreover, the time bar of § 546(a) is subject to equitable tolling.[49]

---

[46] 11 U.S.C. § 546(a).

[47] See, e.g., Gross v. Petty (In re Petty), 93 B.R. 208, 212 (B.A.P. 9th Cir. 1988) ("[S]ince the debtors' potential interest in the subject real estate was not disclosed in the bankruptcy petition the case was never fully administered within the meaning of § 350(a), and therefore not properly closed under that section."). See also White v. Boston (In re White), 104 B.R. 951, 954 and n.2 (S.D. Ind. 1989); Marcus v. Nathan Segal and Co. (In re Las Uvas Valley Dairies), 620 B.R. 343, 347-49 (Bankr. D. N.M. 2020) (comprehensive discussion of various "exceptions" to the § 546(a)(2) bar); Redmond v. Kopp (In re Kopp), 383 B.R. 179, 185-87 (Bankr. D. Kan. 2008) (same).

[48] 11 U.S.C. § 350(a).

[49] The doctrine of equitable tolling "is read into every federal statute of limitation." Holmberg v. Armbrecht, 327 U.S. 392, 397 (1946). Further, "[e]very court that has

> Equitable tolling will prevent § 546(a) from running when the trustee, despite the exercise of due diligence, is prevented from asserting a cause of action because she remains unaware of that cause of action due to fraud . . . or when "extraordinary circumstances beyond plaintiff['s] control made it impossible to file claims on time[.]"[50]

Trustee contends that he did not and could not have discovered the Transfer within two years after the order for relief – the time limitation of § 546(a)(1) – because the Transfer was not disclosed by Debtors. Trustee was not advised of the existence of the Transfer until March 2021, and Trustee promptly filed this adversary proceeding in May 2021. "The question of whether a plaintiff *should have* discovered the basis of his suit under the doctrine of equitable tolling does not lend itself to determination as a matter of law."[51] In other words, the statute of limitations defense under § 546(a) is also tempered by a discovery rule that requires a fact-intensive inquiry into, among other things, the circumstances of the alleged transfer, potential acts of concealment, extent of diligence on the part of Trustee, and possible opportunities for discovery.[52] Thus, the Complaint does not unequivocally establish that Trustee's § 544(b) claim is time-barred under § 546(a).

---

considered this issue has held that equitable tolling applies to § 546(a)(1)." Jobin v. Boryla (In re M & L Business Mach. Co.), 75 F.3d 586, 591 (10th Cir. 1996) (*citing* In re United Ins. Management, Inc., 14 F.3d 1380, 1384 (9th Cir. 1994)). See also extensive discussions of the historic basis for equitable tolling in Freeland v. CPA Warehouse (In re Livemercial Aviation Holding, LLC), 508 B.R. 58, 65-71 (Bankr. N.D. Ind. 2014) and White, 104 B.R. at 956-57.

[50] Jobin, 75 F.3d at 591, *quoting* Amazing Enters. v. Jobin (In re M & L Business Machs., Inc.)*,* 153 B.R. 308, 311 (D. Colo. 1993).

[51] Aldrich, 627 F.2d at 1042 (emphasis added).

[52] See, e.g., Ernst & Young v. Matsumoto (In re United Ins. Management, Inc.), 14 F.3d 1380, 1385 (9th Cir. 1994); CounselNow, 430 F.Supp.3d at 1258; Cornerstone Homes, 567 B.R. at 53-54; Moratzka v. Pomaville (In re Pomaville), 190 B.R. 632, 636 (Bankr. D. Minn. 1995); White, 104 B.R. at 958.

F.   Statute of limitations for § 542(b) turnover action

Raul contends that the statute of limitations has run on Trustee's action to collect a loan made in 2015. Raul argues that under Oklahoma law, "[a]n action upon a contract express or implied not in writing" must be brought within three years "after the cause of action shall have accrued."[53] Trustee has alleged that he believes that the loan is currently matured and payable on demand, and therefore meets the requirements for turnover under § 542(b).

If the Oklahoma three-year statute is applicable, which the Court need not decide today, the limitations period began at the time the cause of action "accrued." Under Oklahoma law, a claim on a contract accrues when the contract is breached.[54] Raul argues that the period began in March 2015 and the loan became "unenforceable" in March 2018, more than a year before Debtors filed bankruptcy. The terms of the loan (if the Transfer was in fact a loan) are not contained in the Complaint, however, and nothing on the face of the Complaint, or otherwise in the record, indicates *when* a cause of action on the loan might have accrued by way of maturity, default, or other breach that rendered the debt due. Thus, the Complaint does not foreclose the possibility that Trustee commenced his turnover action within the limitations period. Under Rule 8 of the Federal Rules of Civil Procedure, Trustee had no obligation to plead facts to negate Raul's statute of limitations defense.[55]

---

[53] 12 O.S. § 95(A)(2). It is not even clear from the Complaint that nothing "in writing" exists regarding the loan.

[54] See Morgan v. State Farm Mutual Automobile Ins. Co., 2021 OK 27, 488 P.3d 743, 753.

[55] See, e.g., Jaso v. The Coca Cola Co., 435 Fed. Appx. 346, 351 (5th Cir. 2011) ("A plaintiff typically is not required to plead, in the complaint, facts that negate an affirmative defense.").

15

Because it is not apparent on the face of the Complaint that Trustee's § 542(b) claim is time-barred, Raul's request to dismiss the § 542(b) claim must be denied.

## IV. Conclusion

In construing the factual allegations in the Complaint as true and in the light most favorable to Trustee, and drawing all inferences in Trustee's favor, the Court finds that Trustee has pled sufficient facts to state a claim under § 544(b), § 550, and § 542(b), that Trustee has pled fraud with sufficient particularity, and that the Complaint does not reveal an insuperable bar to any of Trustee's claims. Accordingly, the Motion to Dismiss is denied. Raul's answer to the Complaint shall be filed within 14 days of the entry of this Order.

**SO ORDERED** this 20th day of October, 2021.

DANA L. RASURE, CHIEF JUDGE
UNITED STATES BANKRUPTCY COURT